UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONICA MEGL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:15-cv-00881 |
| SHC SERVICES, INC., d/b/a | ) |
| Supplemental Health Care Agency, | ) |
| Cathy Rigby, and Marissa Southards, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Monica Megl's Motion for Remand, (ECF No. 11), and Defendants' Motion to Dismiss Individual Defendants Cathy Rigby and Marissa Southards. (ECF No. 8). The motions have been fully briefed and are ready for disposition.

Megl initiated this action by filing a Petition in the Circuit Court for the City of St. Louis, Missouri. (Petition, ECF No. 5). Defendants then timely removed the action to this Court. (Removal Notice, ECF No. 1). Megl claims in her Petition that she was wrongfully discharged in violation of Missouri public policy. (Petition ¶¶ 79-90). She has brought this claim against Defendant SHC Services, Inc. ("SHC") as well as two individual defendants, Cathy Rigby and Marissa Southards (the "Individual Defendants"). *Id.* The parties agree that Megl, Rigby, and Southards are all Missouri citizens. They also agree that SHC is a non-Missouri citizen.

Megl seeks remand due to the lack of complete diversity on the face of her Petition. Defendants maintain that the Court has diversity jurisdiction over the action and that Megl's claim against Rigby and Southards should be dismissed.

1

**DISCUSSION**

*I. Motion for Remand*

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and invoking federal jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011). Failure to demonstrate the existence of federal jurisdiction results in remand. 28 U.S.C. § 1147(c).

"Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." *Manning*, 304 F. Supp. 2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). This type of federal jurisdiction, known as diversity jurisdiction, has been interpreted to require complete diversity of citizenship, which means "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). There is no dispute here that Megl's Petition includes claims against Missouri citizens and that complete diversity therefore facially does not exist. Were this the end of the inquiry, remand would be necessary.

Defendants maintain, however, that an exception applies. Specifically, they contend the Individual Defendants have been fraudulently joined, which allows the Court to disregard the presence of those defendants for purposes of determining whether complete diversity exists. Since the corporate defendant, SHC, is not a Missouri citizen, the Court, according to

Defendants, has diversity jurisdiction over this action. Megl responds that she has pled a colorable claim of wrongful termination against the Individual Defendants. She contends the fraudulent joinder doctrine therefore does not apply. Thus, the Individual Defendants must, according to Megl, be included in the diversity determination, which destroys complete diversity.

Defendants are correct that a fraudulently-joined party must be disregarded for purposes of determining diversity of citizenship upon removal. *Manning*, 304 F. Supp. 2d at 1148. "Joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003)). This inquiry turns on whether a plaintiff's complaint includes a "colorable claim" against the defendant whose joinder has been challenged. *Id.* Thus, Defendants must show that Megl has not set forth a colorable claim of wrongful termination against the Individual Defendants for the fraudulent joinder doctrine to apply.

In Missouri, wrongful termination in violation of public policy is a narrow exception to the at-will employment doctrine. *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 595 (Mo. 2013). Employers violate this policy if they terminate an at-will employee "(1) for refusing to violate the law or any well-established and clear mandate of public policy . . . or (2) for reporting wrongdoing or violations of law to superiors or public authorities . . . ." *Id.* (quoting *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. 2010)). The public policy must be based on "a constitutional provision, a statute, a regulation based on a statute, or a rule promulgated by a governmental body." *Id.* Moreover, the plaintiff must establish the existence of an employer/employee relationship between herself and the defendant allegedly responsible for the wrongful termination. *Id.* The inquiry Missouri courts use to establish such a relationship focuses

on the "right to control," which involves the examination of several factors such as "the 'extent of control, actual exercise of control, . . . right to discharge, method of payment for services, furnishing of equipment, . . . and the contract of employment, none of which is in itself controlling, but each may be considered relevant to the issue.'" *Chandler v. Allen*, 108 S.W.3d 756, 763 (Mo. Ct. App. 2003) (quoting *Davis v. Human Dev. Corp.*, 705 S.W.2d 540, 542 (Mo. Ct. App. 1985)). The parties' only dispute is whether an employer/employee relationship exists between Megl and the Individual Defendants.

Megl contends she has pled sufficient facts to raise an issue as to whether the Individual Defendants had sufficient control to establish an employer/employee relationship. In her Motion, Megl describes the allegations that purportedly suffice to show this relationship:

> Plaintiff has alleged that Defendant Rigby "had authority over Plaintiff's employment and made decisions regarding Plaintiff's employment status" (Pet. at ¶ 14) and that she "provided day-to-day management, set office policy regarding company compliance with Missouri law, and acted directly in the interest of SHC when making employment decisions" (Pet. at ¶ 15). Furthermore, Plaintiff alleged that Defendant Rigby "was one of the decision makers responsible for Plaintiff's termination." (Pet. at ¶ 3). Furthermore, Plaintiff alleged that Defendant Southards was also one of the decision makers responsible for Plaintiff's termination (Pet. at ¶ 4), was Plaintiff's direct supervisor (Pet. at ¶ 16), and had authority over Plaintiff's continued employment (Pet. at ¶ 17). Furthermore, Plaintiff alleged that Defendant Southards instructed her not to share the recording of the incident [sic] abuse with any one and was informed of false and pretextual reasons behind her termination by Defendant Rigby (Pet. at ¶¶ 50, 55, 69-73).

(Support Memo at 6).

These facts cannot establish an employer/employee relationship under Missouri law. Megl has essentially alleged that the Individual Defendants were involved in the day-to-day operations of SHC and had some control over hiring and firing. Critically, according to Megl's allegations, the Individual Defendants performed these actions "in the interest of SHC . . . ."

4

(Petition ¶ 15). In other words, Megl's Petition alleges the Individual Defendants were employees of SHC who acted in a supervisory capacity in relation to Megl. A supervisory relationship such as this is insufficient under Missouri law to establish an employer/employee relationship. *Farrow*, 407 S.W.3d at 595 ("Doctor acted only in a supervisory manner with respect to Farrow's work duties. Hospital was her employer, not Doctor."); *see also Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, 625 F.3d 1025, 1029 n.3 (8th Cir. 2010) ("Even if [Plaintiff] had presented evidence that the [Defendants] exercised some degree of control or supervision of her daily activities in their individual capacities . . . , courts interpreting Missouri law have also refused to consider individuals who merely supervise an employee as employers for the purpose of wrongful-discharge claims."). Megl therefore has not made a colorable claim of wrongful termination in violation of public policy against the Individual Defendants. That means the Individual Defendants were fraudulently joined, and the Court has diversity jurisdiction over this action.[1]

*II. Motion to Dismiss*

In their Motion to Dismiss, Defendants seek dismissal of the Individual Defendants under Fed. R. Civ. P. 12(b)(6) on the ground that Megl has not stated a plausible claim of wrongful termination against them. Defendants' argument is correct for the reasons discussed in relation to the remand motion, and dismissal of the Individual Defendants under the Rule 12(b)(6) plausibility standard is therefore appropriate.

---

[1] In addition to the argument discussed, Megl contends that Mo. Rev. Stat. § 210.115(1), the statute on which the relevant public policy is based, should be interpreted broadly enough to include actions against individual defendants. This argument is inapposite. Megl's wrongful termination claim derives from Missouri common law and relates to the statute only to the extent it establishes a public policy on which to base Megl's claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Monica Megl's Motion for Remand, (ECF No. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Individual Defendants Cathy Rigby and Marissa Southards, (ECF No. 8), is **GRANTED**. Defendants Cathy Rigby and Marissa Southards are **DISMISSED** from this action.

Dated this 17th day of July, 2015.

    /s/ Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE